12,796.

THE STATE VS. CHARLES MARSHALL

The validity *vel non* of the ordinance under which the defendant was fined, gave rise to the issues involved.

The ordinary use of property can not be interfered with by assuming that it is a nuisance *per se*.

ON APPEAL from the Sixth Recorder's Court of New Orleans, *Arnanld, J.*

*A. E. Blackmar, amicus curiæ.*

*Denègre, Blair & Denègre* for Defendant Appellant.

Argued and submitted June 13, 1898.
Opinion handed down June 20, 1898.
Rehearing refused (reasons assigned) December 5, 1898.

The opinion of the court was delivered by

BREAUX, J. Defendant complains of an ordinance adopted by the city of New Orleans on the ground that it is unreasonable, arbitrary, oppressive and unconstitutional. It was adopted over the mayor's veto. The ordinance denounces as a nuisance the parking of cars

and trains on the neutral grounds of " Elysian Field Avenue." It seeks to make it unlawful for a " railroad company to permit its engines cars or trains of cars to *remain standing* upon any portion of the ground known as ' Elysian Field Avenue or the ' neutral ground' between the levee and Miro street, except so far as may *be done by trains in motion.*"    (Italics ours.)

The remaining section of the ordinance sets forth the penalty for its violation, which shall not exceed twenty-five dollars or imprisonment for more than thirty days, or both, '' each day that said engines, cars or trains of cars shall reman so standing constituting a separate offence."

On the trial in the Recorder's Court the defendant offered documentary evidence to prove that the so-called " neutral ground " is the property of the Pontchartrain Railroad Company since more than sixty years.

The evidence consisted of a deed of sale signed by Bernard Marigny as vendor and the railroad company as vendee. Copies of documents were also offered to prove the right of the vendor as owner previous to this sale.

This evidence was ruled out and excluded by the court. To the ruling the defendant excepted, reserved his bill of exceptions and annexed thereto certified copies of the evidence and made them part of the bills of exceptions. But during the trial *parol evidence* of possession of this strip by the railroad company was heard. The record does not show that plaintiff objected to its admissibility.

The evidence discloses that on the twenty-fourth day of February last four box cars remained several hours on the track of the Louisville & Nashville Railroad—*i. e.*, on the so-called neutral ground of the Pontchartrain Railroad Company.

After the case had been submitted the accused was fined ten dollars by the recorder and in default of the payment of the fine to. imprisonment in the parish prison for the term of ten days.

From the sentence the accused prosecutes this appeal.

At the outset we desire to have it understood that our jurisdiction is limited on this appeal to a determination of the question of the validity of the ordinance and of the constitutionality|or legality of the fine Impose. We can only reiterate that which our decisions have repeatedly held, and that which the article of the Constitution clearly announces: the issue on appeal in cases such as the one before us for

decision is restricted to the constitutionality or legality of the fine imposed.

In determining the issues before us, the fact (under the Constitution recently adopted "the facts") making clear the illegality or unconstitutionality of the ordinance are reviewable. "The law and the fact" are before court, proving or disproving the illegality charged. The plaintiff contends as relates to the "fact" of ownership of the so-called "neutral ground" that the evidence is not properly before us, having been excluded. It was not, as we read the record, all excluded. There is enough of record to prove that unquestionably the Pontchartrain Railroad Company, as relates to issues here, was the owner of the "strip of land" to which attention of the council was directed when the ordinance was adopted. No attempt was made to have the oral testimony excluded which was offered to prove its title and no offer was made to rebut the testimony showing possession and title. The message of the Mayor informing the council of his veto of the ordinance as illegal (a veto it appears, sent in, with the advice of the City Attorney) refers to the "neutral ground" as the property of the railroad company. There was other evidence regarding its title admitted without objection. We feel justified in considering the ordinance as one applying to the owner of the property, the "neutral ground" to which it (the ordinance), it terms, refers.

We take up the ordinance under which the penalty was imposed.

In our judgment the parking or collecting two, three or more cars at a place on a railroad track is not necessarily a nuisance. Plaintiff proposes, under the terms of the ordinance, to prevent all parking within certain limits. Unless it is shown in what respect the parking is a nuisance, it is not permissible to assume that it is a nuisance. The ordinance of a city can not transform into a nuisance that which is not injuriously discomforting to others. Tiedeman's Limitations, 122a.

"It is true one can not lawfully use his property in such a manner as to injure another, but a particular use, which may or may not result in creating a nuisance according to circumstances, can not be declared such in advance. The question when it may or may not become a nuisance within some provision of law must be settled as one of fact and not of law." Grossman vs. City of Oakland, 41 Pacific Reporter, 5, 6.

There is nothing of record giving rise to the inference that the parking of cars is, of itself, injurious to the public. To suppress parking altogether it would be necessary to make it appear in some way that it is a nuisance. For illustration: The city has the power to regulate the rate of speed railroad cars shall run through its limits, but it has not the power to adopt such regulations as to speed as would needlessly interfere with its business.

Upon the same principle it has the power to regulate the parking of cars, but it has no power to put a stop to it entirely on the hypothesis that it may become a nuisance.

The evidence shows that the parking of cars is a matter of necessity, particularly in transporting freight; that the property of the railroad would be rendered almost valueless if parking cars was entirely stopped. We do not for an instant imagine that it was ever intended by the legislator to permit municipal corporations to destroy a right on mere assumption, without the least showing that the act was in itself a nuisance.

In the case before us there is affirmative evidence of record, proving that it is not a nuisance *per se*.

Furthermore, it appears that it was in contemplation of the Council, in adopting the ordinance, to make it unlawful for the railroad company to permit its " engines, cars or trains of cars to remain standing upon any portion of the ground " designated in the ordinance. See prior quotation from the ordinance.

This prohibition is not, as we appreciate it, directed against the blocking of intersecting streets. It is conceded that all the intersecting streets and crossings are free enough, and that there is not any interference with them by the railroad company. There is an exception to the sweeping restraint of the ordinance, which we copy from the section: " Except in so far as may be done by the train in motion."

The exception or provision is far from being plain. It adds nothing to the meaning of the section. The enactment, as we take it, was intended as a " move on " ordinance, applied to railroads. Well enough in itself if it were not that the transportation of freight and the carrying of passengers require that they shall " remain standing " at one place a reasonable length of time.

We are compelled to decline to give the sanction of this court to an ordinance so needlessly restraining in its character. If enforced

State vs. Marshall.

as written it would operate as an interference with commerce and travel.

A road existing under legislative grant can not be interfered with and any of its operations treated as a nuisance unless, upon examination, it appears that it is a nuisance. The action of the municipality declaring that an act is a nuisance may give rise to a *prima facie*, but not to a .conclusive, presumption of its being a nuisance. The excessive restraint the ordinance here seeks to impose strips it of even the *prima facie* force and effect ordinances usually have. The injury and annoyance growing out of nuisances can be suppressed only by legal ordinances.

We are informed that there is another suit (an injunction) pending between the same parties, in a court of another jurisdiction. It appears, in that case, special acts of alleged nuisance are averred· We see proper to state here that we have not felt called upon to decide with reference to special acts of alleged nuisance.

We have limited eur examination and· study to the ordinance, to determine whether it was illegal or legal. For reasons stated it can not be enforced. This conclusion disposes of the case.

It is therefore ordered, adjudged and decreed that the judgment appealed from is annulled, reversed and avoided; the ordinance upon which the judgment of the recorder was based is delared illegal and null, plaintiff's demand is rejected and the action dismissed·

### On Application for a Rehearino.

This court desires to have it well understood, that it does not decide that, as between the city of of New Orleans and any one else, who may claim an interest of any kind, that the city is not the owner of "Elysian Fields avenue;" or, that it is the owner. The question is left entirely open as if no controversy had ever arisen in which the matter was considered at all.

As a matter of fact, the defendant, in our judgment could show under the title claimed by the railroad he represents, the railroad's right of possession, and its right to operate cars over Elysian Field's avenue. The whole question related to the parking of cars on Flysian Fleld.

We decided that parking of cars was not of itself a nuisance.

Rehearing refused.